UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARLENE M. BROWN, | CASE NO. 2:17-cv-01354-RSM |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| BOEING COMPANY, et al., | |
| Defendants. | |

1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

STIPULATED PROTECTIVE ORDER
2:17-CV-01354-RSM          1

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
One Market, Spear Street Tower
San Francisco, CA 94105
+1.415.442.1000

2. "CONFIDENTIAL" MATERIAL

"Confidential" material shall include, but is not limited to, the following documents and tangible things produced both by the parties and by any third parties or otherwise exchanged: information regarding The Boeing Company's operations; any proprietary information regarding the engineering, manufacturing, or sales of The Boeing Company's aircraft; any of The Boeing Company's trade secrets; personal and financial information; employment, compensation, and pension or benefits information; and all other non-public, confidential, proprietary or commercial information that is not readily ascertainable through lawful means by the public or the party receiving the information designated Confidential ("Receiving Party"), or that which is subject to privacy protection under any federal, state, or local law.

Except for values disclosed in the Complaint or specifically agreed to in writing as non-confidential, "Confidential" material includes Plaintiff Arlene Brown's personal financial information.

3. SCOPE

The protections conferred by this Order cover not only Confidential material (as defined above), but also (1) any information copied or extracted from Confidential material; (2) all copies, excerpts, summaries, or compilations of Confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential material.

However, the protections conferred by this Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1 Basic Principles. A Receiving Party may use Confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this Order. Confidential material must

STIPULATED
PROTECTIVE ORDER
2:17-CV-01354-RSM                                      2

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
One Market, Spear Street Tower
San Francisco, CA 94105
+1.415.442.1000

be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    4.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the party designating information as Confidential ("Designating Party"), a Receiving Party may disclose any Confidential material only to:

    (a)    the Receiving Party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b)    the Pro Se Party's assistants, who are limited to Rosemarie McKeeman in her role as Administrative Assistant, to whom it is reasonably necessary to disclose the information for this litigation provided that they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and agree to immediately return all originals and copies of any Confidential material. Plaintiff shall be responsible for ensuring that all originals and copies of any Confidential material disclosed to one of her identified assistants is immediately returned;

    (c)    the officers, directors, and employees (including in-house counsel) of The Boeing Company to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

    (d)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (e)    the Court, court personnel, and court reporters and their staff;

    (f)    copy or imaging services retained by the parties or their counsel to assist in the duplication of confidential material, provided that the party or counsel for the party retaining the copy or imaging service instructs the service not to disclose any Confidential material to third parties and to immediately return all originals and copies of any Confidential material;

STIPULATED
PROTECTIVE ORDER
2:17-CV-01354-RSM

3

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
One Market, Spear Street Tower
San Francisco, CA 94105
+1.415.442.1000

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(i) mediators, arbitrators, settlement judges, and their staff.

4.3 <u>Filing Confidential Material</u>. Before filing Confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the Confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Designating Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

STIPULATED
PROTECTIVE ORDER
2:17-CV-01354-RSM                    4

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
One Market, Spear Street Tower
San Francisco, CA 94105
+1.415.442.1000

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, *e.g.*, section 5.3 below), or as otherwise stipulated or ordered, disclosure of discovery material that qualifies for protection under this Order must be clearly so designated before or when the material is disclosed or produced. The parties agree that third parties producing documents in the course of this action may also designate documents as Confidential subject to the same protections and constraints as the parties to the action. A copy of this protective Order shall be served along with any subpoena served in connection with this action. Additionally, all documents produced by third parties shall be treated as Confidential for a period of 14 days following the date of production, and during that period any party may designate such document as Confidential pursuant to the terms of this Order

(a) <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains Confidential material. If only a portion or portions of the material on a page qualifies for protection, the Designating Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties may identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or

STIPULATED
PROTECTIVE ORDER
2:17-CV-01354-RSM 5

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
One Market, Spear Street Tower
San Francisco, CA 94105
+1.415.442.1000

exhibits thereto, as Confidential. If a party or non-party desires to protect Confidential information at trial, the issue should be addressed during the pre-trial conference.

        (c)    <u>Other tangible items</u>: the Designating Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portion(s).

    5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

## 6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

    6.1    <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of Confidentiality at any time. Unless a prompt challenge to a Designating Party's Confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a Confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2    <u>Meet and Confer</u>. The parties will attempt to resolve any dispute regarding confidential designations without Court involvement. Any motion regarding Confidential designations or for a protective order shall include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without Court action. The certification shall list the date, manner, and participants to the conference. A good faith effort to confer requires a face-

STIPULATED PROTECTIVE ORDER
2:17-CV-01354-RSM       6

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
One Market, Spear Street Tower
San Francisco, CA 94105
+1.415.442.1000

to-face meeting or a telephone conference.

6.3 <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without Court intervention, the Designating Party may file and serve a motion to retain Confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). All parties shall continue to maintain the material in question as confidential until the Court rules on the challenge.

7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a) promptly notify the Designating Party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Confidential material may be affected.

8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

STIPULATED
PROTECTIVE ORDER
2:17-CV-01354-RSM                                7

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
One Market, Spear Street Tower
San Francisco, CA 94105
+1.415.442.1000

9. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work product protection, including but not limited to information or documents that may be considered Confidential under this Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date. Any party receiving any such information or document must return it upon request to the Designating Party and/or producing party as applicable. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the Designating Party and/or producing party as applicable or confirm deletion or destruction of such information or documents within seven (7) days, unless the Parties agree to a different timeframe, regardless of whether the receiving party agrees with the claim of privilege and/or work product protection. If a receiving party becomes aware that it is in receipt of information or materials that it knows or reasonably should know is privileged, the receiving party or counsel for the receiving party shall immediately take steps to (a) stop reading such information or materials; (b) notify counsel for the Designating Party and/or producing party as applicable of such information or materials; (c) collect all copies of such information or materials; (d) return all such information or materials to the Designating Party and/or producing party as applicable or confirm destruction or deletion of the information or materials; and (e) otherwise comport themselves with the applicable provisions of the Rules of Professional Conduct. Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order. The provisions of this section constitute an order pursuant to Rules 502(d) and(e) of the Federal Rules of Evidence. Notwithstanding the provisions of Rule 502(b) of the Federal Rules of Evidence, there has been

STIPULATED
PROTECTIVE ORDER
2:17-CV-01354-RSM                          8

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
One Market, Spear Street Tower
San Francisco, CA 94105
+1.415.442.1000

no waiver of any privilege, protection, or immunity if a party discloses or produces privileged, protected, or immune documents or information, regardless of whether the party took reasonable steps to prevent the production or disclosure or to rectify the error.

10. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each Receiving Party must return all Confidential material to the Designating Party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the Court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential material.

The confidentiality obligations imposed by this Order shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH THE PARTIES AND DEFENDANTS' COUNSEL OF RECORD.

DATED: 6 April 2018            s/ Arlene M. Brown
                                             Plaintiff, PRO SE

DATED: April 9, 2018            s/ Roberta H. Kuehne
                                             Attorneys for Defendants

STIPULATED
PROTECTIVE ORDER
2:17-CV-01354-RSM          9

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
One Market, Spear Street Tower
San Francisco, CA 94105
+1.415.442.1000

1 **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

2 **IT IS FURTHER ORDERED** that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the Designating Party or producing party, as applicable, of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED: April 10, 2018

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

STIPULATED
PROTECTIVE ORDER
2:17-CV-01354-RSM

10

Morgan, Lewis & Bockius LLP
Attorneys at Law
One Market, Spear Street Tower
San Francisco, CA 94105
+1.415.442.1000

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on _____ in the case of *Brown v. The Boeing Company, et al.*, No. 17-cv-01354-RSM (W.D. Wash.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER
2:17-CV-01354-RSM

11

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
One Market, Spear Street Tower
San Francisco, CA 94105
+1.415.442.1000