The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARLENE M. BROWN,<br><br>Plaintiff,<br><br>v.<br><br>THE BOEING COMPANY, EMPLOYEE BENEFIT PLANS COMMITTEE,<br><br>Defendants. | Case No. 2:17-cv-01354-RSM<br><br>STIPULATED MOTION AND ORDER TO STAY CASE PENDING REMAND TO EMPLOYEE BENEFIT PLANS COMMITTEE |

**STIPULATED MOTION TO STAY CASE PENDING REMAND TO EMPLOYEE BENEFIT PLANS COMMITTEE**

The Parties hereby file this stipulated motion pursuant to LCR 7(d)(1) and 10(g) to request that the Court stay this matter during the pendency of a remand of Plaintiff's claim for benefits to Defendant the Employee Benefit Plans Committee ("Committee"). In support of their Stipulated Motion, the Parties state as follows:

1. Plaintiff is a former employee of The Boeing Company ("Boeing") who claims that her entire pension from Boeing should be calculated under The Boeing Company Employee Retirement Plan ("BCERP"), a pension plan that Boeing sponsors. Plaintiff filed an internal claim to this effect, which the Committee denied on or around March 14, 2017. It did so on the basis of its finding that, because Plaintiff was in a non-union position on December 31, 1998, her pension benefits accrued through that date transferred to The Boeing Company Pension Value
STIPULATED MOTION AND ORDER TO
STAY CASE IN LIGHT OF REMAND
2:17-cv-01354-RSM

1

Morgan, Lewis & Bockius LLP
Attorneys at Law
77 W. Wacker Dr., 5th Floor
Chicago, IL 60601
+1.312.324.1000

1  Plan ("PVP," and, with the BCERP, the "Plans"), on January 1, 1999.

2      2.      Plaintiff filed this lawsuit *pro se* on September 8, 2017, challenging the denial of her claim for benefits and alleging various other claims for relief under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and common law.  (Dkt. # 1.)

3.      After completion of discovery, Defendants moved for summary judgment on August 23, 2018.  (Dkt. # 37.)  The Court held oral argument on Defendants' motion on January 15, 2019, after which the Court appointed Plaintiff the undersigned pro bono counsel.  (Dkt. # 60.)

4.      Plaintiff moved to reopen discovery on March 14, 2019.  (Dkt. # 67.)  In her motion to reopen discovery, Plaintiff argued that discovery should be reopened for the limited purpose of obtaining discovery related to Plaintiff's equitable claims and damages.  (*See generally id.*)  In so doing, Plaintiff presented arguments that had not been put before the Committee when Plaintiff filed her internal claim for benefits.  (*See* Dkt. # 38-9, Plaintiff's November 7, 2016 Appeal to the Committee.)

5.      In light of these new arguments, the Committee, as Administrator and a named fiduciary of the Plans, has determined that it is appropriate for Plaintiff's administrative claim to be remanded to the Committee.  On remand, the Committee will consider the additional arguments made by Plaintiff, in addition to any other arguments or evidence that Plaintiff or her counsel submit for consideration in accordance with the regulations governing the claim and appeals process under ERISA.  *See* 29 C.F.R. § 2560.503-1.

6.      In connection with the remand, the Parties agree that Defendants will conduct a reasonable search for, and provide to Plaintiff, certain information that Plaintiff has requested.  Namely, within 45 days of the Court staying this matter, Defendants shall either: (a) state that the following information does not exist or that they were not able to locate such information as the result of a reasonable search; or (b) provide Plaintiff with the following information:

    a.    Written communications issued collectively or made available to union-represented Boeing employees from January 1, 1998 to January 31, 1999

STIPULATED MOTION AND ORDER TO
STAY CASE IN LIGHT OF REMAND
2:17-CV-01354-RSM    2

Morgan, Lewis & Bockius LLP
Attorneys at Law
77 W. Wacker Dr., 5th Floor
Chicago, IL 60601
+1.312.324.1000

concerning or referring to any changes (or lack thereof) to pension or other retirement benefit plans (excluding communications Boeing had with its employees on an individual basis related to an employee's individual pension or other retirement benefit plan).

    b. A statement regarding the manner used to identify intended recipients of PVP-related notices;

    c. A statement regarding the retention policies, if any, related to records identifying individuals who are sent PVP-related notices; and

    d. Records referring to, concerning, or evidencing PVP-related notices being sent to Plaintiff from January 1, 1999 to the present.

7. At the conclusion of this 45-day period, in accordance with 29 C.F.R. § 2560.503-1(h)(2)(i) and (ii), Plaintiff (through her counsel) shall, within 60 days, submit any comments, documents, records, or other information she so chooses to the Committee for its review. The Committee shall then have 60 days to render its determination on Plaintiff's claim, which may be extended an additional 60 days pursuant to 29 C.F.R. § 2560.503-1(i)(1)(i).

8. The Parties agree that the Court will retain jurisdiction over this action until such time as the Court determines that all matters arising out of this action have been fully disposed of.

9. Staying the pending litigation to allow the Committee to consider the additional arguments made by Plaintiff will conserve the Parties' time and resources, as the remand could obviate the need for certain motion practice. The Parties also respectfully submit that staying the litigation pending the remand to the Committee would conserve judicial resources, as it would relieve the Court of any obligation to rule on issues that may be rendered moot by the Committee's decision.

10. There is currently no trial or other schedule set in this matter. As noted, Plaintiff filed a motion to reopen discovery, which is currently noted for June 14, 2019. (Dkt. # 75.) Defendants have not yet filed a response to that motion.


STIPULATED MOTION AND ORDER TO
STAY CASE IN LIGHT OF REMAND
2:17-CV-01354-RSM     3

Morgan, Lewis & Bockius LLP
Attorneys at Law
77 W. Wacker Dr., 5th Floor
Chicago, IL 60601
+1.312.324.1000

11. The Parties respectfully propose filing a joint status report with the Court within 180 days of the Court's order staying this litigation.

WHEREFORE, the Parties jointly ask the Court to stay this litigation during the pendency of the remand to the Committee.

IT IS SO STIPULATED.

DATED this 3rd day of June, 2019.

                                                            MORGAN, LEWIS & BOCKIUS LLP

By: /s/ Kaleigh N. Powell                    By: /s/ Deborah S. Davidson

TOUSLEY BRAIN STEPHENS PLLC       MORGAN, LEWIS & BOCKIUS LLP
Chase C. Alvord, WSBA # 26080           Deborah S. Davidson (*pro hac vice*)
Kaleigh N. Powell, WSBA # 52684        Hillary E. August (*pro hac vice*)
1700 Seventh Avenue, Suite 2200         77 West Wacker Drive
Seattle, Washington 98101                    Chicago, Illinois 60601
Tel.: 206.682.5600                                Tel.: 312.324.1000
Fax: 206.682.2992                               Fax: 312.324.1001
calvord@tousley.com                         deborah.davidson@morganlewis.com
kpowell@tousley.com                         hillary.august@morganlewis.com

*Attorneys for Plaintiff*

                                                           By: /s/ Laurence A. Shapero

                                                           OGLETREE DEAKINS NASH
                                                           SMOAK & STEWART, P.C.
                                                           Laurence A. Shapero, WSBA #31301
                                                           1201 Third Avenue, Suite 5150
                                                           Seattle, WA 98101
                                                           Tel.: 206.876.5301
                                                           Fax: 206.693.7058
                                                           laurence.shapero@ogletree.com

                                                           *Attorneys for Defendants The Boeing Company and The Boeing Company Employee Benefit Plans Committee*

STIPULATED MOTION AND ORDER TO
STAY CASE IN LIGHT OF REMAND
2:17-CV-01354-RSM                    4

Morgan, Lewis & Bockius LLP
Attorneys at Law
77 W. Wacker Dr., 5th Floor
Chicago, IL 60601
+1.312.324.1000

# ORDER

The Court hereby grants the Parties' Stipulated Motion to Stay the Case Pending Remand to the Employee Benefit Plans Committee. The Parties are directed to file a joint status report within 180 days.

IT IS SO ORDERED this 4 day of June 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

Presented by:

MORGAN, LEWIS & BOCKIUS LLP

*/s/ Deborah S. Davidson*
Deborah S. Davidson (*pro hac vice*)
Hillary E. August (*pro hac vice*)

OGLETREE DEAKINS NASH
SMOAK & STEWART, P.C.

*/s/ Laurence A. Shapero*
Laurence A. Shapero, WSBA #31301

*Attorneys for Defendants The Boeing Company and*
*The Boeing Company Employee Benefit Plans Committee*


TOUSLEY BRAIN STEPHENS PLLC

*/s/ Kaleigh N. Powell*
Chase C. Alvord, WSBA # 26080
Kaleigh N. Powell, WSBA # 52684

*Attorneys for Plaintiff*

STIPULATED MOTION AND ORDER TO
STAY CASE IN LIGHT OF REMAND
2:17-CV-01354-RSM

5

Morgan, Lewis & Bockius LLP
Attorneys at Law
77 W. Wacker Dr., 5th Floor
Chicago, IL 60601
+1.312.324.1000